Ian A. Stewart (State Bar No. 250689)
*Ian.Stewart@wilsonelser.com*
Daniel H. Lee (State Bar No. 217001)
*Daniel.Lee@wilsonelser.com*
**WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP**
555 Flower Street, Suite 2900
Los Angeles, California 90071-2407
Telephone:  (213) 443-5100
Facsimile: (213) 443-5101

Thomas J. Norby (Minnesota State Bar No. 0184780)
*Admitted Pro Hac Vice*
tnorby@norbylawfirm
**NORBY LAW FIRM**
2223 Copperfield Drive
Mendota Heights, Minnesota 55120
Telephone: (651) 402-5270

Attorneys for Defendant,
INFINITE PRODUCT COMPANY LLC,
d/b/a Infinite CBD

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ADAM DASILVA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>INFINITE PRODUCT COMPANY LLC, d/b/a Infinite CBD, a Colorado limited liability company<br><br>Defendant, | Case No. 2:19-cv-10148 DMG<br>Hon. Dolly M. Gee<br><br>Amended Complaint Filed:<br>February 25, 2020<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO STAY THE CASE PENDING GUIDANCE BY THE FDA**<br><br>Date:       April 17, 2020<br>Time:      9:30 a.m.<br>Location: Courtroom 8C, 8th Floor<br>Judge:    Hon. Dolly M. Gee |

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO STAY THE CASE PENDING GUIDANCE BY THE FDA
3615625v.2

3615625v.2

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................. 1

II. PLAINTIFF LACKS STANDING TO SUE UNDER ARTICLE III ............... 1

III. PLAINTIFF'S CLAIMS ARE IMPLIEDLY PREEMPTED BECAUSE PRIVATE CITIZENS CANNOT ENFORCE THE FDCA**Error! Book**

IV. PLAINTIFF'S CLAIMS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM ......................................................................................... 5

    A. Plaintiff Did Not Serve The Required CLRA Correction Letter Before Commencing This Action As Required By Statute .................... 5

    B. Plaintiff Cannot Establish Reliance And Therefore His UCL, FAL And CLRA Causes Of Action Should Be Dismissed ..................... 6

    C. Plaintiff Cannot State A Breach of Express Warranty Claim ................ 7

    D. Plaintiff Cannot State A Breach of Implied Warranty Claim ................. 8

    E. Declaratory Relief Is Superfluous As The Legal Relation Between The Parties Are Not In Dispute ................................................ 8

V. PLAINTIFF'S CLASS ALLEGATIONS CAN BE DISMISSED ................. 10

    A. Plaintiff Cannot Meet The CAFA Jurisdictional Requirements ............ 10

    B. Plaintiff's Non-California Multistate Class Allegations Can Be Dismissed at the Pleading Stage ........................................................... 10

VI. COURT SHOULD STAY THIS ACTION UNDER PRIMARY JURISDISCTION IF NOT DISMISSED IN ITS ENTIRETY ........................ 11

i

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO STAY THE CASE PENDING GUIDANCE BY THE FDA

3615625v.2

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Air Line Pilots Ass'n v. Miller*,
  523 U.S. 866, 878 n. 6 (1998) ................................................................................ 14

*Apple & AT&TM Antitrust Litig.*,
  596 F.Supp.2d 1288 (N.D. Cal. 2008) ................................................................... 11

*Azimpour v. Sear, Roebuck & Co.*,
  2017 U.S. Dist. LEXIS 63516, at * 11 (S.D. Cal. Apr. 26, 2017) .......................... 11

*Baird v. Samsung Elecs. Am., Inc.*,
  2018 WL 4191542, at *9 (N.D. Cal. July 20, 2018) ............................................ 5, 6

*Buckman Co. v. Plaintiffs' Legal Comm.*,
  531 U.S. 341, 349 n.4 (2001) ................................................................................... 3

*Carrea v. Dreyer's Grand Ice Cream, Inc.*,
  2011 U.S. Dist. LEXIS 6371, *6-7 (N.D. Cal. Jan. 10, 2011) ................................. 2

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983) ................................................................................................... 9

*Davidson v. Kimberly-Clark Corp.*,
  873 F.3d 1103 (9th Cir. 2017) ................................................................................. 9

*Easter v. Am. W. Fin.*,
  381 F.3d 948 (9th Cir. 2004) ................................................................................. 10

*Estee Lauder, Inc. v. FDA,*
  727 F. Supp. 1, 4-5 (D.D.C. 1989) .......................................................................... 5

*Greater Los Angeles Council on Deafness, Inc. v. Zolin*,
  812 F.2d 1103 (9th Cir. 1987) ........................................................................... 8, 11

*Gitson v. Trader Joe's Co.*,
  2013 WL 5513711, at *7 (N.D. Cal. Oct. 4, 2013) ................................................. 5

*In re Textainer Partnership Sec. Litigation*,
  2005 U.S. Dist. LEXIS 26711,*10-11 (N.D. Cal. 2005) ....................................... 10

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO STAY THE CASE PENDING GUIDANCE BY THE FDA

3615625v.2

*Johns v. Bayer Corp.*,
   2010 U.S. Dist. LEXIS 10926, *4-5 (S.D.Cal. Feb. 9, 2010) .................................... 2

*Katzenbach v. McClung*,
   379 U.S. 294 (1964) ............................................................................................. 9

*Leonhart v. Nature's Path Foods, Inc.*,
   2014 U.S.Dist.LEXIS 164425, *2 (N.D.Cal. Nov. 21, 2014) ................................. 2

*Littlehale v. Hain Celestial Grp., Inc.*,
   2012 WL 5458400 (N.D. Cal. July 2, 2012) ........................................................... 8

*Lockyer v. Mirant Corp.*,
   398 F.3d 1098, 1110 (9th Cir. 2005) .................................................................... 14

*Maneely v. Gen. Motors Corp.*,
   108 F.3d 1176 (9th Cir. 1997) ................................................................................ 7

*Mazza v. Am. Honda Motor Co., Inc.*,
   666 F.3d 581 (9th Cir. 2012) ................................................................................ 11

*MedImmune, Inc. v. Genentech, Inc.*,
   549 U.S. 118 (2007) ............................................................................................... 8

*Morales v. Unilever U.S., Inc.*,
   2014 U.S. Dist. LEXIS 49336 (E.D. Cal. Apr. 9, 2014) ........................................ 10

*Narang v. Gerber Life Ins. Co.*,
   2018 WL 6728004 (N.D. Cal Dec. 21, 2018) ......................................................... 7

*Perez v. Nidek Co., Ltd.*,
   711 F.3d 1109, 1119 (9th Cir. 2013) .................................................................. 3, 4

*Rojas-Lozano v. Google, Inc.*
   159 F.Supp.3d 1101 (N.D. Cal. 2016) .................................................................... 6

*Roth v. Comerica Bank* ............................................................................................. 10

*Rust-Oleum Restore Mktg., Sales Practices & Prods. Liab. Litig.*
   155 F.Supp.3d 772 (N.D. Ill. 2016) ........................................................................ 9

*Sateriale v. R.J. Reynolds Tobacco Co.*
   697 F.3d 777 (9th Cir. 2012) .............................................................................. 6, 7

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO STAY THE CASE PENDING GUIDANCE BY THE FDA

3615625v.2

*Stephenson v. Neutrogena*,
   2012 U.S. Dist. LEXIS 105099, *2-3 (N.D. Cal. July 27, 2012) ............................. 1

*Snyder v. Green Roads of Fla. LLC.*,
   2020 WL 42239 at *7 (S.D. Fla., Jan 3 2020) ...................................................... 12

*Syntek Semiconductor Co. v. Microchip Tech, Inc.*,
   307 F.3d 775, 781 (9th Cir. 2002).......................................................................... 11

*Textainer Partnership Sec. Litigation*,
   2005 U.S. Dist. LEXIS 26711 (N.D. Cal. 2005) ................................................... 10

*Viggiano v. Hansen Natural Corp.*
   944 F.Supp.2d 877 (C.D. Cal. 2013) ....................................................................... 8

*Wilton v. Seven Falls Co.*,
   515 U.S. 277 (1995) ...................................................................................... 8, 9, 11

*Yeroushalmi v. Blockbuster, Inc.*
   2005 U.S. Dist. LEXIS 39331 (C.D. Cal. 2005).................................................... 10

**STATUTES**

Article III .......................................................................................................................... 1, 9

28 C.F.R. § 10.115(d)(1) ........................................................................................................ 5

28 U.S.C. § 2201(a) ............................................................................................................. 12

21 U.S.C. § 337(a) ............................................................................................................. 3, 4

Cal. Civil Code § 1782(b)...................................................................................................... 5

Cal. Com. Code § 2607(3)(A) ............................................................................................... 8

**OTHER AUTHORITIES**

2018 Farm Bill................................................................................................................. 3, 12

Federal Food, Drug and Cosmetic Act (FDCA)....................................................... 1, 3, 4, 5, 12

FDA Report to the U.S. House Committee on Appropriations and the U.S.
   Senate Committee on Appropriations, Cannabidiol ............................................. 12

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO STAY THE CASE PENDING GUIDANCE BY THE FDA

3615625v.2

*S.Rep.* No. 109-14, at 42 (2005) .................................................................................. 10

v
DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO STAY THE CASE PENDING GUIDANCE BY THE FDA

3615625v.2

## I. INTRODUCTION

Plaintiff argues in opposition to Defendant's Motion to Dismiss that defendant's products are "illegal" because they are misbranded drugs, adulterated foods or unapproved dietary supplements under the Federal Food, Drug and Cosmetic Act (FDCA). Plaintiff is at least partly correct in that Congress placed the authority to regulate the marketing and labeling of CBD products firmly and exclusively within FDA control. FDA has in turn acknowledged strong consumer demand and is actively defining acceptable regulatory pathways and labeling requirements for various CBD products. But contrary to Plaintiff's attempt in this and in several other cases around the country to capitalize on the interim status of FDA regulation, there is no legal basis for private citizens to usurp the role of FDA by seeking advisory opinions from the courts. Even if there was a proper legal avenue to seek relief for alleged violations of the FDCA, Plaintiff's Amended Complaint in the present matter suffers from irremediable defects and should be dismissed for the reasons stated in Defendant's briefs.

## II. PLAINTIFF LACKS STANDING TO SUE UNDER ARTICLE III

Plaintiff purchased one product from the Defendant – the CBD Isolate Dropper. Plaintiff nevertheless argues he has standing to bring claims as to Defendant's other products because such products allegedly are "substantially similar." He is mistaken.

Plaintiff's sweeping generalization that all of Defendant's products are "substantially similar" because they contain one common ingredient is not supported by case law in the Ninth Circuit. In *Stephenson v. Neutrogena*, the court dismissed claims based on products plaintiff did not purchase, where he only purchased "the purifying facial cleanser" but brought suit over five other Neutrogena Naturals products. *Stephenson v. Neutrogena*, 2012 U.S. Dist. LEXIS 105099, *2-3 (N.D. Cal. July 27, 2012). The court rejected plaintiff's argument that similarity could be found merely because the six products all were alleged to contain a common

1

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO STAY THE CASE PENDING GUIDANCE BY THE FDA

3615625v.2

ingredient. *See id.*

Similarly, in *Carrea v. Dreyer's Grand Ice Cream, Inc.*, the court rejected plaintiff's standing argument that the purchase one of Defendant's ice cream products containing an objectionable ingredient could extend to all of Defendant's ice cream products containing the same ingredient. *Carrea v. Dreyer's Grand Ice Cream, Inc.*, 2011 U.S. Dist. LEXIS 6371, *6-7 (N.D. Cal. Jan. 10, 2011); *see also* In *Johns v. Bayer Corp.*, 2010 U.S. Dist. LEXIS 10926, *4-5 (S.D.Cal. Feb. 9, 2010).

In *Leonhart v. Nature's Path Foods, Inc.* the court found that the plaintiff, who purchased only two of defendant's breakfast food products could not proceed past the pleading stage on breakfast foods products he did not purchase. *See Leonhart v. Nature's Path Foods, Inc.* 2014 U.S.Dist.LEXIS 164425, *2 (N.D.Cal. Nov. 21, 2014). The court looked at whether the challenged products were comprised of largely the same ingredients. *See id.* at *7-11. The court concluded that it could not determine whether the numerous natural food products that defendant sold were substantially similar to the two cereals that plaintiff purchased because plaintiff failed to offer detail regarding the products' ingredients. The court found it could not assume that each of these different products were like all the others. *See id.* at *11. Furthermore, the court concluded that because plaintiff was previously afforded an opportunity to cure the defect, there was justification to grant defendant's motion to dismiss without leave to amend as to the unpurchased products. *See id.*

Here, Plaintiff has failed to plead sufficient facts to demonstrate that the products are substantially similar. In fact, Plaintiff's allegations actually demonstrate that the subject products are substantially *different.* The FAC states that the Defendant sells *"*a <u>variety</u>*"* of products including oil, creams, edibles, capsules, food additives, drinks, vape oil, Bath & Body and Cosmetics products and animal foods. (FAC ¶ 17 & 29.) Plaintiff states that Defendant's products contain a wide-array of varied ingredients.

2
DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO STAY THE CASE PENDING GUIDANCE BY THE FDA

3615625v.2

(FAC ¶ 16-32.)  He alleges that each of Defendant's numerous products have unique claims, formulations, uses, disclosures, methods of administration (ingestion, absorption), design, and marketing. (FAC ¶ 16-32.)   Thus, Plaintiff's own allegations show that there is no substantial similarity and Defendant's motion as to those claims should be granted without leave to amend**.**

## III. PLAINTIFF'S CLAIMS ARE IMPLIEDLY PREEMPTED BECAUSE PRIVATE CITIZENS CANNOT ENFORCE THE FDCA

Plaintiff's argument against preemption must be rejected because private citizens may not enforce the FDCA and because FDA has issued no final or binding decision on the legality of Defendant's products.

With respect to FDA's regulatory authority, plaintiff's opposition misleadingly conflates the regulatory structure of the hemp and CBD industry. While the 2018 Farm Bill authorizes USDA to regulate hemp, the Farm Bill regulates only the *production* of hemp. The Farm Bill explicitly reserves authority for the FDA to regulate hemp products like foods and dietary supplements containing hemp products under the FDCA.

Only the Federal Government may enforce the FDCA and related regulations. The law is clear that *"*all such proceedings for the enforcement, or to restrain violations, of this chapter [the FDCA] shall be by and in the name of the United States.*"* 21 U.S.C. § 337(a). This provision "leaves no doubt that it is the Federal Government, rather than private litigants who are authorized to file suit for noncompliance with FDCA requirements." *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 349 n.4 (2001). *See also Perez v. Nidek Co., Ltd*., 711 F.3d 1109, 1119 (9th Cir. 2013) (*"*private enforcement of [ FDCA] is barred.*"*)

Although plaintiff argues that *"*a presumption against preemption*"* applies here, the law is to the contrary. *See Buckman Co.* at 347.  In *Buckman*, the Supreme Court recognized that the plaintiffs' claims arose solely out of FDCA requirements.

3
DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO STAY THE CASE PENDING GUIDANCE BY THE FDA

3615625v.2

Thus, the violations in that case were not based on *"traditional state tort law which had predated the federal enactment in question . . . but on violations of FDCA requirements."* *Id.* at 352-353. The Supreme Court then reiterated that there is *"no doubt that it is the Federal Government rather than private litigants who are authorized to file suit for noncompliance"* with the FDCA. *Id.* at 349.

To escape preemption by the FDCA, a plaintiff's claims must thread a narrow gap and he *"must be suing for conduct that violates the FDCA . . . , but the plaintiff must not be suing because the conduct violates the FDCA."* *Perez v. Nidek Co.*, at 1120 (emphasis supplied). In other words, a plaintiff must state a claim based on a violation of some other law that also happens to violate the FDCA. The claim cannot be primarily premised on a violation of the FDCA since enforcing the FDCA is the exclusive jurisdiction of the Federal Government.

Here, each one of plaintiff's causes of action is exclusively premised on an alleged violation of the FDCA. In other words, but for the alleged FDCA violation, Plaintiff would have no claim. Plaintiff readily admits this point, stating "the introduction of adulterated and misbranded food into interstate commerce is prohibited under the FDCA and the parallel state statute cited in this First Amended Class Action Complaint." FAC paragraph 38. As *Perez* made clear, this type of action to enforce the FDCA disguised as an action to enforce state law claims is preempted. *Perez* at 1119-20. Accordingly, Plaintiff is impermissibly suing *because* Defendant's conduct allegedly violates the FDCA. The balance of the FAC is replete with citations to alleged violations of the FDCA. It is not plaintiff's job, nor can it be, to police conduct that he believes violates FDCA. Rather, that initiative is strictly reserved for the Federal Government under 21 U.S.C. § 337(a).

Moreover, Plaintiff's repeated allegations that Defendant's products are *"illegal"* are based on the mistaken assumption that the FDA warning letter to Defendant constituted a final and binding action by FDA. To the contrary, while

4
DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO STAY THE CASE PENDING GUIDANCE BY THE FDA

3615625v.2

taken seriously by Defendant, warning letters are not final legal determinations, and are by their very nature are *"informal and advisory." Estee Lauder, Inc. v. FDA,* 727 F. Supp. 1, 4-5 (D.D.C. 1989) (dismissing declaratory relief action based on *"ripeness"* where FDA threatened regulatory action against 20 manufacturers, including Estee Lauder, over marketing claims for *"*certain anti-aging or anti-wrinkle creams,*"* both because agency action was not final and because review of the question of whether the creams fall within the definition of drugs *"*would deny the Administration the full opportunity to apply its expertise and to correct errors or modify positions in the course of a proceeding*"*).

Generally, warning letters and FDA statements are more akin to guidance documents. *"*Guidance documents do not establish legally enforceable rights or responsibilities. They do not legally bind the public or FDA.*"* 21 C.F.R. § 10.115(d)(1)). *See Also Gitson v. Trader Joe's Co.*, No. 13-CV-01333-WHO, 2013 WL 5513711, at *7 (N.D. Cal. Oct. 4, 2013) (chastising plaintiffs for placing too much reliance on FDA warning letters because they are informal and advisory).

Plaintiff's reliance on FDA statements and warning letters do not make FDA action final or binding on defendant and do not disguise the fact that each and every state law cause of is founded on alleged FDCA violations. Accordingly, Plaintiff's FAC is nothing more than an impermissible attempt to privately enforce the FDCA.

## IV. **PLAINTIFF'S CLAIMS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM**

### A. **Plaintiff Did Not Serve The Required CLRA Correction Letter Before Commencing This Action As Required By Statute.**

The CLRA requires that Defendant be notified *"*[t]hirty days or more prior to the commencement **of an action***"* not thirty days prior to the filing of an amended complaint in an existing action, as Plaintiff claims. Civil Code § 1782(b). Plaintiff mistakenly relies on *Baird v. Samsung Elecs. Am., Inc.* There, the plaintiff's

5

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO STAY THE CASE PENDING GUIDANCE BY THE FDA

3615625v.2

1  amended complaint added additional plaintiffs and causes of action, which made an
2  entirely new action for damages. *Baird v. Samsung Elecs. Am., Inc.*, 2018 WL
3  4191542, at *9 (N.D. Cal. July 20, 2018). No such facts exist in the present case as
4  plaintiff made no substantive changes to the FAC. Plaintiff has failed to meet the
5  statutory requirements for filing a CLRA claim and the cause of action must be
6  dismissed.

        **B.**        **Plaintiff Cannot Establish Reliance And Therefore His UCL, FAL And CLRA Causes Of Action Should Be Dismissed.**

9        Plaintiff must plead reliance with particularity – i.e. what he saw, what he
10 believed as a result, or how that knowledge impacted his behavior. *See Rojas-*
11 *Lozano v. Google, Inc.* 159 F.Supp.3d 1101 (N.D. Cal. 2016). The Ninth Circuit held
12 that, *"[g]iven the absence of an alleged causal connection between the alleged*
13 *misrepresentations and the plaintiffs' injuries, the district court properly dismissed*
14 *the UCL claim." See Sateriale v. R.J. Reynolds Tobacco Co.* 697 F.3d 777, 793 (9th
15 Cir. 2012). This decision was cited twice by Defendant in its Motion. (Mtn. at 8, 9)
16       Here, Plaintiff alleges, simply, *"*[i]f Plaintiff knew the Products were not
17 legally sold in the United States, Plaintiff would have not purchased them.*"* (FAC ¶
18 13.) This allegation is deficient in numerous ways. First, CBD products including
19 Defendant's products *are* legal to sell in the United States. Second, Plaintiff admits
20 he bought only one product (not *"the Products"*). Further, that one product (CBD
21 Isolate Dropper) was *not* among those listed in the FDA letter to Defendant. The
22 FAC merely regurgitates the laundry list of statements cited by FDA in its letter to
23 Defendant, but Plaintiff never identifies which if any statement he personally saw,
24 nor how any misperception based on such statement formed his reliance and led to
25 his purchase. In fact, *none* of the statements cited by FDA related specifically to the
26 product that Plaintiff purchased, and many of the statements cited by FDA are dated

6
DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO STAY THE CASE PENDING GUIDANCE BY THE FDA

3615625v.2

1  *after* the Plaintiff's purchase on November 18, 2018.  Plaintiff never even states why
2  he bought the product.
3      In his Opposition, Plaintiff reiterates the boilerplate allegation that *"the
4  Products contained the ingredients stated on the Products' labeling and moreover
5  that the Products were labeled as illegal dietary supplements with illegal delivery
6  instruction as claimed on the Products' labeling and Defendant's website."* (Opp. at
7  8-9, citing FAC ¶ 73.)  Given the absence of final FDA classifications, these vague
8  allegations could apply to every one of the tens of thousands of CBD products on the
9  market today. Further, there is nothing that provides a connection between these
10 boilerplate allegations and the product plaintiff actually bought – e.g., did the CBD
11 Isolate Dropper <u>not</u> actually contain CBD?  Did the CBD Isolate Dropper label state
12 it was a dietary supplement?  Did Plaintiff receive incorrect instructions to use CBD
13 Isolate Dropper?
14     Despite having an opportunity to include specific allegations, Plaintiff did not
15 do so.  Thus, dismissal of the subject claims, with prejudice, is proper at this point.

16     **C.    <u>Plaintiff Cannot State A Breach of Express Warranty Claim.</u>**

17     Plaintiff ignores in his Opposition the fact that to plead a warranty claim, he is
18 required to state that notice of the alleged breach was provided prior to filing suit.
19 Dismissal is proper because no such allegation has been pled. *"[A] plaintiff's failure*
20 *to oppose a defendant's [motion to dismiss] argument [is] a concession that such*
21 *claims should be dismissed." Narang v. Gerber Life Ins. Co.*, 2018 WL 6728004, at
22 *4 (N.D. Cal Dec. 21, 2018).
23     Furthermore, Plaintiff does not offer one single *"specific and unequivocal*
24 *written statement"* made to him that would form an express warranty. *Maneely v. Gen.*
25 *Motors Corp.*, 108 F.3d 1176, 1181 (9th Cir. 1997). None of the statements on pages
26 10–12 of Plaintiff's Opposition, upon which Plaintiff allegedly relied, relate to the
27 product that Plaintiff purchased.  Plaintiff has merely alleged that <u>the FDA, not the</u>
28

7
DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR MOTION TO STRIKE PORTIONS OF THE FIRST
AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO STAY THE CASE PENDING GUIDANCE BY THE FDA

3615625v.2

Plaintiff, allegedly reviewed on Defendant's website. This alone cannot form the basis for a breach of express warranty claim.

### D. **Plaintiff Cannot State a Breach of Implied Warranty Claim.**

Plaintiff fails to allege that he took steps to notify Defendant prior to filing suit. Cal.Com.Code § 2607(3)(A). The Court thus should dismiss this cause of action.

Furthermore, nowhere does Plaintiff allege that the CBD Isolate Dropper failed to meet even the most basic degree of fitness. This *"does not impose a . . . requirement that goods precisely fulfill the expectation of the buyer,"* or that they comply with every promise made. *Viggiano v. Hansen Natural Corp.* 944 F.Supp.2d 877, 896 (C.D. Cal. 2013). *"*Instead, it provides for a minimum level of quality.*" Id*. Here, Plaintiff does not allege that he used the product at all. He has voiced no complaints about performance of the product. One may therefore infer that either he never used the product or it was used and met the minimum level of quality. Plaintiff cannot state a claim for breach of implied warranty of merchantability.

### E. **Declaratory Relief Is Superfluous As The Legal Relation Between The Parties Are Not In Dispute.**

The Declaratory Judgment Act does not create a substantive right or cause of action. Plaintiff falsely asserts that Defendant has not provided case law to support its position. (Mtn. at 12, *citing Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)). Dismissal of this claim is proper because this *"*cause of action*"* will neither aid in clarifying and nor settling legal relations between the parties. *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1112 (9th Cir. 1987); 28 U.S.C. § 2201; *MedImmune, Inc. v. Genentech, Inc*., 549 U.S. 118, 122 (2007) (there must be *"*a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality*"*).

8
DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO STAY THE CASE PENDING GUIDANCE BY THE FDA

3615625v.2

Here, the legal relations between Plaintiff and Defendant are not in dispute. Plaintiff was a purchaser and Defendant was the seller. If Plaintiff can plead a consumer fraud claim and prove it, he will be able to recover damages or restitution from the Defendant. There is no need to clarify the legal relationship between Plaintiff and Defendant in order for Plaintiff to proceed in this case. The Declaratory Judgment Act was not meant to be a supplement when a plaintiff brings suit pursuant to a specific statute prescribing a particular set of judicial remedies such as damages. *See Katzenbach v. McClung*, 379 U.S. 294, 296 (1964). A claim under the Declaratory Judgment Act should be dismissed when it will "serve no useful purpose," as here. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

Although Plaintiff argues that he has alleged an imminent future harm that entitles him to declaratory relief, that claim is without merit. It is reasonable to infer that Plaintiff will not purchase another CBD Isolate product from Defendant as he claims dissatisfaction with it. Plaintiff has thus not alleged facts sufficient to show that he faces a real and immediate threat of future harm. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).

Plaintiff's reliance on *Davidson* is misplaced. (Opp. at 16-17.) There, unlike the present case, the plaintiff stated that that she "regularly visits stores . . . where [Kimberly-Clark's] 'flushable' wipes are sold." *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1116 (9th Cir. 2017). No such allegations were pled by Plaintiff in this case. Plaintiff's reliance on *Rust-Oleum,* an Illinois district court case, is also misplaced. (Opp. 14-16.) The court in *Rust-Oleum* reached its conclusion based on the fact that standing was not at issue. *Rust-Oleum Restore Mktg., Sales Practices & Prods. Liab. Litig.* 155 F.Supp.3d 772, 785 (N.D. Ill. 2016). Here, standing has been raised as an issue by the Defendant, and Defendant submits that this Court, under Article III, can and should dismiss Plaintiff's claims at the pleadings stage.

/ / /

9
DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO STAY THE CASE PENDING GUIDANCE BY THE FDA

3615625v.2

## V. PLAINTIFF'S CLASS ALLEGATIONS CAN BE DISMISSED

### A. Plaintiff Cannot Meet The CAFA Jurisdictional Requirements.

Because Plaintiff cannot meet the CAFA jurisdictional requirements for his class allegations, they must be dismissed. The Court, when faced with unique jurisdictional requirements under CAFA, can shift the burden of proof to the plaintiff. *See S.Rep.* No. 109-14, at 42 (2005); *Yeroushalmi v. Blockbuster, Inc.* 2005 U.S. Dist. LEXIS 39331, *10-12 (C.D. Cal. 2005); *In re Textainer Partnership Sec. Litigation*, 2005 U.S. Dist. LEXIS 26711,*10-11 (N.D. Cal. 2005). Plaintiff's reliance on *Roth v. Comerica Bank* (Opp. at 18) is misplaced as the court in that case was faced with a plaintiff's motion to remand in deciding which party should bear the burden of proof. Here, there is no motion to remand. Finally, Plaintiff's allegations do not come close to meeting the $5 million amount in controversy requirement. A class that must consist of in excess of <u>one hundred and fifteen thousand</u> (115,000) consumers to meet the jurisdictional threshold is not the same as *"<u>thousands</u> of consumer(s),"* despite Plaintiff's bald assertion to the contrary.

### B. Plaintiff's Non-California Multistate Class Allegations Can Be Dismissed at the Pleading Stage.

It is true that class allegations are often tested on a motion for class certification, but <u>the Ninth Circuit has found that its district courts can address "the issue of standing before it addresse[s] the issue of class certification.</u>" *Easter v. Am. W. Fin.*, 381 F.3d 948, 962 (9th Cir. 2004) (emphasis added). Here, because Plaintiff not is a resident of any state other than California, and did not purchase Defendant's product in any state but his own, he does not have standing to assert a claim under the laws of the other states named in the FAC. *See Morales v. Unilever U.S., Inc.*, 2014 U.S. Dist. LEXIS 49336, at *4 (E.D. Cal. Apr. 9, 2014) (holding that because the named plaintiffs were residents of only two states and did not purchase products in any states other than their own, they did "not have standing to

10

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO STAY THE CASE PENDING GUIDANCE BY THE FDA

3615625v.2

assert a claim under the consumer protection laws of the other states named in the Complaint."); *Azimpour v. Sear, Roebuck & Co.*, 2017 U.S. Dist. LEXIS 63516, at *11 (S.D. Cal. Apr. 26, 2017); *In re Apple & AT&TM Antitrust Litig.*, 596 F.Supp.2d 1288, 1309 (N.D. Cal. 2008) (*"Plaintiffs lack standing to bring consumer protection claims in the forty states where no named Plaintiff resides"*).

Although a federal district court sitting in the Ninth Circuit is capable of certifying a nationwide class, the particular nationwide class proposed by Plaintiff cannot and should not be certified based on Ninth Circuit precedent. *See e.g. Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 594 (9th Cir. 2012). It would be impossible for the Court, consistent with due process, to determine whether each purported class member relied on any alleged statement or warranty given by the Defendant when he or she purchased a product, or whether notice was given by each purported class member prior to filing suit.  Whether a purported class member suffered damages in reliance on any alleged misrepresentation or warranty, as such that declaratory relief is superfluous and warrant dismissal is a highly fact intensive, individualized inquiry that is not appropriate for class treatment.  *See Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1112 (9th Cir. 1987); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) (a district court has discretion to dismiss an action for declaratory judgment).

### VI. **COURT SHOULD STAY THIS ACTION UNDER PRIMARY JURISDICTION IF NOT DISMISSED IN ITS ENTIRETY.**

While there is no *"fixed formula"* for applying the doctrine, the Ninth Circuit traditionally considers four factors: *"*(1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration.*" Syntek Semiconductor Co., v. Microchip Tech., Inc.*, 307 F.3d 775, 781 (9th Cir. 2002).

11

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO STAY THE CASE PENDING GUIDANCE BY THE FDA

3615625v.2

1    Despite plaintiff's misguided conclusions that defendant's products are illegal,
2 the FDA - just last month - reinforced its need to resolve the issue of CBD
3 permissibility through the rulemaking process. In a report to Congress, the FDA
4 described its "progress toward obtaining and analyzing data to help determine a
5 policy of enforcement discretion and the process in which CBD meeting the
6 definition of hemp will be evaluated for use in Products." FDA Report to the U.S.
7 House Committee on Appropriations and the U.S. Senate Committee on
8 Appropriations, Cannabidiol (CBD), ("FDA Report") available
9 at https://www.scribd.com/document/450303002/FDA-CBD-report#from   _embed.
10 Accordingly, the first factor of the primary jurisdiction test is fulfilled.

11   The second factor is also met because as explained above, the FDCA grants
12 FDA the authority to regulate food additives, supplements and nutrients.  Since
13 defendant's ingestible CBD products fall into these categories, they are within the
14 FDA's jurisdiction.

15   Third, the 2018 Farm Bill "explicitly recognized the FDA's authority to
16 regulate products containing cannabis-derived products including hemp-derived
17 products under the FDCA." *Snyder v. Green Roads of Fla. LLC.*, Case No. 0:19-cv-
18 62342-UU, 2020 WL 42239 at *7 (S.D. Fla., Jan 3 2020).

19   Fourth, the need for expertise and uniformity in administration has been well
20 documented by the FDA over the past few years. Indeed, the FDA has stressed its
21 concern over whether "CBD products pose safety risks, how the mode of delivery
22 affects safety, whether there are dosage considerations related to safety, whether are
23 is a need for manufacturing standards, and whether there are standardized definitions
24 for the ingredients in, for example, hemp oil." *See FDA Report.*

25   Finally, FDA rule-making for CBD products is more active than ever.  In its
26 March 5 report to Congress, FDA outlined "next steps" to advance its agenda.
27 These new measures include further engagement with regulatory partners, evaluation
28

12
DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO STAY THE CASE PENDING GUIDANCE BY THE FDA

3615625v.2

of hemp extracts, and new research and random CBD product sampling. The FDA even re-opened its public docket to accept more comments from the industry on safety standards for the industry. Instead of leaving the rule-making to the FDA, plaintiff is taking it upon himself to declare that defendant's products are illegal and is attempting to use this Court to enforce his position.

Plaintiff clearly worries that if the Court stays this action while the FDA finalizes its CBD rules, his quest for damages would be over. To highlight this point, plaintiff argues that this regulatory action "would only make products sold after enactment legal." This argument is misguided because plaintiff incorrectly assumes that FDA has already declared CBD products to be illegal. As explained above, warning letters, FAQs and FDA statements are not the law. Indeed, after FDA issued the warning letters and statements referenced in plaintiff's FAC, the agency has taken significant steps to more specifically define the evolving regulatory pathway for CBD products. The current FDA Commissioner publicly acknowledged on February 26, 2020, that CBD products are here to stay, stating: "People are using these products. We're not going to be able to say you can't use these products. It's a fool's game to try to even approach that." The Commissioner further recognized that "We have to be open to the fact that there might be some value in these products and certainly Americans think that's the case. But we want to get them information to help them make the right decisions." (*See e.g.*, https://www.nutraingredients-usa.com/Article/2020/02/28/FDA-chief-Hahn-says-it-would-be-fool-s-game-to-try-to-shut-down-CBD-markets).

In sum, it is the FDA - not Plaintiff or this Court - that must decide through the rule-making process, how to regulate hemp-derived CBD products. Therefore, this Court should use its inherent discretionary power to stay this litigation, pending further FDA action, under the doctrine of Primary Jurisdiction if it does not dismiss

13
DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO STAY THE CASE PENDING GUIDANCE BY THE FDA

3615625v.2

the FAC in its entirety. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 878 n. 6 (1998).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  April 10, 2020 | **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP** |
|  | By:  /s/Ian A. Stewart<br>Ian A. Stewart<br>Daniel H. Lee<br>Attorneys for Defendant INFINITE PRODUCT COMPANY LLC, d/b/a Infinite CBD |
| Dated:  April 10, 2020 | **NORBY LAW FIRM** |
|  | By:  /s/Thomas J. Norby<br>Thomas J. Norby<br>Attorneys for Defendant INFINITE PRODUCT COMPANY LLC, d/b/a Infinite CBD |

14

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND/OR MOTION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO STAY THE CASE PENDING GUIDANCE BY THE FDA

3615625v.2